UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RALPHAEL JASSO,
CDCR #H-86397

Plaintiff,

vs.

SERGEANT FLORES and DOES 1–3,

Defendants.

Case No.: 26-cv-3732-AJB-GC

**ORDER:**

**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2);**

**(2) DENYING MOTION TO APPOINT COUNSEL (Doc. No. 3);**

**(3) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**

Plaintiff Ralph Jasso is a state prisoner proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983 accompanied by a Motion to Proceed *In Forma Pauperis* ("IFP"). (Doc. Nos. 1–2.) Plaintiff has also filed a Motion to Appoint Counsel, a Supplemental Document, and a Letter. (Doc. Nos. 3–5.)

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55,

although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his trust account statement attested to by a CDCR trust account official. (Doc. No. 2 at 4.) The document shows he had an average monthly balance of $0.29 and average monthly deposits of $0.00, with an available balance of $0.00. (*Id.*) The Court **GRANTS** Plaintiff's motion to proceed IFP and assesses no initial partial filing fee. *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.") Plaintiff remains obligated to pay the $350 fee pursuant to the installment provisions of 28 U.S.C. § 1915(b)(1).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must

*sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**B. Allegations in the Complaint**

Plaintiff alleges that on June 6, 2002, he was arrested at a McDonald's restaurant in San Ysidro, California, for attempting to make a terrorist threat. (Doc. No. 1 at 3.) He claims the Defendants, four arresting officers, removed him from the restaurant bathroom by force, hit him, verbally abused him, used taxi drivers as Spanish-English translators to speak to him despite speaking Spanish themselves, and took him to the San Diego Jail. (*Id.* at 3–4.) On June 7, 2003, he was found guilty by a jury, and on June 14, 2003, he was sentenced to six years in prison. (*Id.* at 3.)

Plaintiff alleges that during the trial proceedings he was not permitted a Spanish language interpreter and was never allowed to speak in open court, and that the San Diego County Sheriff incorrectly used June 14, 2004, as the sentencing date to calculate his release date. (*Id.* at 3–4.) About two months before he was arrested, two police informants told the Defendants, who "are doing illegal drugs and immigrant business," that Plaintiff was involved in selling drugs, and Defendants told the informants to kill Plaintiff, which they tried to do by stabbing him. (*Id.* at 4.) Plaintiff claims that because "they cannot kill

me" they put him in prison to cover up the police misconduct, and requests the Court open an investigation into police corruption and his false arrest. (*Id.*) Plaintiff claims violations of his Fifth Amendment double jeopardy rights, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment right to due process. (*Id.* at 3–5.)

**C. Discussion**

Plaintiff's claims relating to his 2002 arrest and conviction, having occurred nearly 25 years ago, are well outside the statute of limitations for a 42 U.S.C. § 1983 claim. *See U.S. ex rel. Air Control Techs., Inc. v. Pre Con Induss., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (a claim may be dismissed as untimely "when the running of the statute (of limitations) is apparent on the face of the complaint.") The statute of limitations for a cause of action under 42 U.S.C. § 1983 is the statute of limitations established by the forum state for personal injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The statute of limitations for a 42 U.S.C. § 1983 claim brought in California is two years, with a potential additional two years of tolling while a prisoner is incarcerated. *See* Cal. Code Civ. Proc. § 335.1 (establishing a two-year statute of limitations for personal injury actions); *Soto v. Sweetman*, 882 F.3d 865, 871–72 (9th Cir. 2018) (when a federal court applies the forum state's statute of limitations, the court also applies the forum state's tolling rules); Cal. Code Civ. Proc. § 352.1(a) (providing for tolling up to a maximum of two years for plaintiffs incarcerated for terms of less than life). It is clear that Plaintiff's claims are well outside the applicable statute of limitations.

In addition, Plaintiff previously filed a complaint raising these same claims, which was also dismissed as barred by the statute of limitations. *See* Order filed 9/24/24 [Doc. No. 11] in *Jasso v. Flores, et al.*, So.Dist.Ca. Civil Case No. 24-cv-0615-JAH-MMP. In fact, the Complaint in this case is a photocopy of the complaint in the previous case. *Compare id.*, Compl. filed 3/28/24 [Doc. No. 1 at 1–4] *with* Doc. No. 1 at 4–7. A prisoner's complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105

n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)).

Accordingly, the Court finds that Plaintiff's Complaint fails to state a plausible claim for relief and is subject to *sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Cato*, 70 F.3d at 1105 n.2. Because it is absolutely clear Plaintiff is unable to state a claim, leave to amend is denied. *See Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend).

## III. MOTION TO APPOINT COUNSEL

Plaintiff requests appointment of counsel to assist him in this case. (Doc. No. 3.) There is no constitutional right to counsel in a civil case, and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exception circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). Such exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and an inability of the *pro se* litigant to articulate his claims in light of their legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff has shown neither a likelihood of success on the merits of his claims nor an inability to articulate them. Accordingly, the Motion to Appoint Counsel is **DENIED**.

## IV. CONCLUSION AND ORDERS

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2);

2. **DENIES** Plaintiff's Motion to Appoint Counsel (Doc. No. 3);

3. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the

amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2);

4. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001; and

5. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) without leave to amend. The Clerk of Court will enter a final judgment and close the file.

**IT IS SO ORDERED**.

Dated: July 26, 2026

Hon. Anthony J. Battaglia
United States District Judge